[No. B111164. Second Dist., Div. Seven. Mar. 9, 1998.]

DORIS PINEDA, a Minor, etc., Plaintiff and Appellant, v.
FAIEZ ENNABE, Defendant and Respondent.

**COUNSEL**

Bryman & Apelian and Andrew C. Bryman for Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter, Dale B. Goldfarb, Thomas O. Russell III, Kelly A. Ward and Angela P. Lui for Defendant and Respondent.

## OPINION

## NEAL, J.—

### SUMMARY

A landlord has no duty of care to assure that his tenant's children do not fall out of ordinary second story windows. We affirm summary judgment in favor of defendant landlord.

### FACTS AND PROCEDURAL HISTORY

This is an action for personal injuries sustained by plaintiff and appellant Doris Pineda, a minor, who fell out the second story window of a building owned by defendant and respondent Faiez Ennabe, knocking out the screen as she fell.

Ennabe moved for summary judgment based on the following evidence:

The lower edge of the window from which appellant fell was 44 inches above the floor. Appellant's mother had placed a bed, consisting of a mattress on a box spring, directly under the window. Appellant was bouncing on the bed shortly before her accident. She was five and a half years old at the time. She was playing without adult supervision. She knocked the window screen out or aside and fell 30 feet to the ground.

There was another location in the bedroom, away from the window, suitable for placement of the bed.

The building was inspected the day after the accident and found to be fully in compliance with relevant building codes. The screen was designed and intended to keep out insects, not to prevent children or others from falling out the window.

No prior, similar accident had occurred at respondent's building.

In opposition to summary judgment appellant offered expert testimony on the following points: the risk that children will fall out a window is well known; screens create a false sense of security in parents, who assume the screen may protect against such incidents; labels are available which warn of this hazard, as are devices to prevent screens from being dislodged by children; bars or grates can be installed to protect against the hazard of falling out; tenants can be warned not to put furniture near windows; landlords should rent ground floor apartments to families with small children if space is available.

Appellant also offered the following additional evidence. Respondent had caused "protection" bars to be placed to protect occupants against falling out of certain second and third story windows in the premises; respondent never warned tenants not to put furniture near windows, nor recognized that screens could give a false sense of security; respondent knew that appellant's apartment was occupied by several children; respondent had never read standards promulgated by the Screen Manufacturers Association regarding labels warning that children should be kept away from windows, and had never provided such warnings to his tenants.

The Screen Manufacturers' standards cited by appellant state in relevant part as follows:

"In the past few years, the window and screen industries have experienced an increase in litigation from occurrences of children falling through open windows with insect screens. In some of these cases, a contention was made that the product should have had a warning label.

"The position of the Screen Manufacturers Association and its members has always been that insect screens do not require warning labels as they are intended to provide reasonable insect control and are not intended to provide security or provide for the retention of objects or persons within the interior of the building.

"To date, no testing on the effectiveness of screen warning labels . . . has been done to determine whether or not such labels will reduce accident rates. . . . Nevertheless, we believe that a warning label might serve as an educational tool to increase the awareness of parents and other responsible individuals of the need to supervise children to keep them away from windows."

In reply, respondent offered uncontroverted evidence that "protection bars" had only been installed at windows with low sills, 18 inches above the floor, and that respondent had avoided installing such bars at higher windows in upper stories because of concern they would impede fire department access (and presumably also escape by tenants) during a fire.

The trial court granted the summary judgment motion, stating: "In viewing the photographs of the window and considering the height of the window, the fact that the bed was placed under the window and [the] minor plaintiff . . . was left unattended, that Defendant had met all Building and Safety Code Requirements, that there was no prior incidents of injury regarding the windows or screens in the building, it was not foreseeable that

a person, especially a minor, would fall out, and as such there was no duty on Defendant to take protective measures for the window, and it was not negligence as a matter of law."

This appeal followed.

## DISCUSSION

Since *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], the liability of landowners for injuries to people on their property has been governed by general negligence principles.

■ The first step in determining whether there is liability for negligence is to decide whether the defendant owes a duty of care to the plaintiff. The question whether a duty is owed is a question of law, for the court to decide. (*Richards* v. *Stanley* (1954) 43 Cal.2d 60, 67 [271 P.2d 23]; 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 748, p. 83, and cases cited there.)

In determining whether a duty exists, the court is to consider a number of factors. In *Rowland,* the court enumerated them as follows:

—the foreseeability of harm to the plaintiff;

—the degree of certainty that the plaintiff would suffer injury;

—the closeness of the connection between the defendant's conduct and the injury suffered;

—the moral blame attached to the defendant's conduct;

—the policy of preventing future harm;

—the extent of the burden to the defendant;

—the consequences to the community of imposing a duty to exercise care with resulting liability for breach; and

—the availability, cost and prevalence of insurance for the risk involved. (*Rowland* v. *Christian, supra,* 69 Cal.2d at p. 113.)

As a source of duty *Rowland* cited with approval section 1714 of the Civil Code, which provides as follows: "(a) Every one is responsible . . . for an injury occasioned to another by his want of ordinary care or skill in the

management of his property . . . except so far as the latter has . . . by want of ordinary care brought the injury upon himself."

■ Applying the *Rowland* tests, we conclude respondent owed no duty of care to prevent the kind of accident which occurred here.

The undisputed facts here showed that the predominant cause of plaintiff's accident was careless parental placement of a bed under the window, followed by parental negligence in leaving the five-and-a-half-year-old plaintiff unattended and unsupervised.

While a landlord arguably may foresee that his tenants might carelessly leave their small children unattended and exposed to dangers, he is not required to forestall the foreseeable consequences of others' negligence— only his own. There was little likelihood that respondent's failure to place warning labels or latches on the window screens would cause an accident of the kind which occurred here, unless the parent was negligent. The degree of certainty that an injury would occur was small, and the connection between the landlord's conduct and any such injury was slight. Little moral blame, if any, attached to the landlord's failure to place warning labels, latches, or bars on the window, since reasonable landlords could properly assume that parents would take precautions to supervise their children and prevent them from falling out windows.

The policy of preventing future harm would not likely be significantly advanced by imposing a duty here. A parent oblivious to the obvious danger posed to an unsupervised child near an open upper story window would likely be equally oblivious to a warning. Latches on screens potentially could be left unfastened by careless tenants, or could be unfastened by unsupervised children. Bars, or permanently closed screens, might reduce the risk of falling out but create a new, serious risk of trapping occupants during a fire. The risk of being trapped during a fire, unlike the falling hazard, could not be minimized by parental care and common sense. Thus a legally imposed duty to install bars could cause as much harm as it avoided.

The consequences to the community of imposing a duty would be far reaching indeed. Our state has apartment windows by the millions, all of them potentially affected by some new duty of care imposed to prevent children from falling out.

Moreover, such a duty logically would extend as well to other apartment hazards posed by lack of parental supervision. Should landlords be required to protect against hazards to unsupervised children who turn on a stove,

burning themselves or causing a fire? Injure themselves with caustic or poisonous household substances taken from an unlocked cupboard? Fall down the stairs? Cut or stab themselves with knives kept in the kitchen? Arguably, a landlord *could* foresee these hypothetical accidents, and *could* provide warning labels and/or other protections against them, such as locking drawers, gates at the top of stairs, etc.

The purpose for requiring a duty as a precondition to negligence liability, and for requiring the *court* to delineate the boundaries of the duty, is to avoid the extension of liability to every conceivably foreseeable accident, without regard to common sense or good policy. Common sense and good policy militate against requiring landlords to provide a safety net to reduce risks fundamentally caused by careless parents.

The only reported decisions on similar facts cited by the parties have reached the same conclusion we reach here. (*Schlemmer* v. *Stokes* (1941) 47 Cal.App.2d 164, 167 [117 P.2d 396] [landlord not liable where baby leaned against screen and fell out window; "[i]t is a matter of common knowledge that a screen is not placed in a window for the purpose of keeping persons from falling out"]; *Gustin* v. *Williams* (1967) 255 Cal.App.2d Supp. 929, 932 [62 Cal.Rptr. 838] [landlord not liable where screen has no lock and guest of tenant falls out window].)

### DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

Lillie, P. J., and Woods, J., concurred.