[No. B133621. Second Dist., Div. Three. Nov. 24, 1999.]

WESLEY SANDERS III, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Edward J. Horowitz for Petitioner.

No appearance for Respondent.

Gil Garcetti, District Attorney, Patrick D. Moran and Natasha S. Cooper, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**SCHNEIDER, J.***—In this original writ proceeding, petitioner Wesley Sanders III seeks an order from this court directing respondent court to dismiss his pending criminal prosecution in No. BA082842. We issued an order on August 4, 1999, requiring a response from the People and a reply from petitioner, and setting the matter for hearing. We now issue our opinion in which we grant the writ and order a dismissal of Sanders's pending prosecution in respondent court.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## Factual Background

Sanders was originally charged in an information filed in respondent court with 10 counts of grand theft (Pen. Code, §§ 484 & 487),[1] plus various enhancements. This information was filed on June 14, 1994. Sanders's first trial resulted in a mistrial when the jury could not reach a unanimous verdict as to any count. In May 1996, after a second trial, a jury found Sanders guilty on all 10 counts alleged in the information. He was thereafter sentenced to a total prison term of five years.

In the decision filed on November 28, 1998, this court entered an order as follows: "The judgment is reversed; the matter is remanded to the trial court for any further appropriate proceedings." (*People* v. *Sanders* (1998) 67 Cal.App.4th 1403, 1418 [79 Cal.Rptr.2d 806].)

On February 18, 1999, following the issuance of this court's remittitur, the People filed an amended information in which Sanders was charged for the first time with 10 counts of forgery (§ 470) and 10 counts of presenting a false or forged document for recording (§ 115). It is undisputed that the counts contained in the amended information and the counts contained in the original information are based on the identical conduct allegedly engaged in by Sanders.

On March 2, 1999, Sanders filed a motion to dismiss amended information, or, in the alternative, demurrer to amended information. Thereafter, Sanders filed a motion to dismiss pursuant to section 654, subdivision (a).[2] Respondent court denied both motions on April 30 and May 29, 1999, respectively. This writ proceeding followed.

## Contentions

Sanders advances the following contentions in his petition:

1. Section 654, subdivision (a) bars his prosecution under the amended information.

2. The constitutional protection against double jeopardy also bars his prosecution under the amended information.

3. Prosecution of the new charges is barred by the statute of limitations.

---

[1] All statutory references are to the Penal Code.

[2] Sanders's motions, taken together, raise the same issues as have been presented in his petition.

4. The information must also be dismissed for prejudicial preindictment delay in violation of due process.

DISCUSSION

 The starting point for the analysis of the issues presented in this proceeding is this court's prior decision in *People* v. *Sanders, supra,* 67 Cal.App.4th 1403. As noted, in that decision this court reversed Sanders's conviction on the 10 counts of grand theft of real property of which he had been convicted.[3]

In its opinion in *Sanders,* this court first examined the evidence adduced at trial. We then stated that "[t]he evidence clearly established that Sanders caused the fraudulent deeds to be recorded in Los Angeles County real property records and that each of those deeds purported to convey real property to Sanders. There was sufficient substantial evidence that Sanders engaged in the *acts* alleged in the information." (67 Cal.App.4th at pp. 1409-1410.) We noted, however, "[s]ection 484, subdivision (a) defines the crime of *theft of real property by false pretense.* Proof of this crime requires that the prosecution establish: (1) the defendant made a false pretense or representation; (2) he did so with intent to defraud the owner of the property; and (3) the owner was in fact defrauded. [Citations.]" (*Id.* at p. 1411, fn. omitted.)

We then stated that "[t]he facts adduced at trial do not include any evidence that any pretense or representation was made to any of the purported grantors. Even though there is substantial evidence Sanders caused 10 forged deeds to 11 parcels of real property to be recorded in Los Angeles County real property records, there is no evidence he made any false representation. Sanders had no contact with any of the grantors; indeed, six of them had died prior to the dates on which their forged signatures were affixed to the deeds which were later recorded." (*People* v. *Sanders, supra,* 67 Cal.App.4th at p. 1412.)

We also concluded the jury had not been instructed properly because the trial court's instructions on the crime of theft of real property did not include the element of false representation. (*People* v. *Sanders, supra,* 67

---

[3]It is important to recall that Sanders's conviction of grand theft of real property was "based on his causing to be recorded in Los Angeles County real property records 10 deeds bearing forged signatures of their purported grantors and forged notarial information. [Fn. omitted.] Each of these forged deeds purported to convey title to real property to Sanders. The prosecution's theory was that Sanders committed the crime of theft of real property by 'stealing' the parcels of real property. This he did by recording the fraudulent deeds." (*People* v. *Sanders, supra,* 67 Cal.App.4th at p. 1409.)

Cal.App.4th at p. 1413.)[4] Finally, after again stating that ". . . the facts established at trial, however compelling, do not establish the crime of theft of real property" (*ibid.*), we reversed the judgment and "remanded to the trial court for any further appropriate proceedings." (*Id.* at p. 1418.)

It is with the foregoing in mind that we now turn to a discussion of the issues raised by Sanders in his petition.

*Section 654, Subdivision (a), as Interpreted in Kellett v. Superior Court, Bars Prosecution Under the Amended Information*

■ Section 654, subdivision (a) provides that "[a]n acquittal or conviction and sentence under any one [provision of law] bars a prosecution for the same act or omission under any other."[5] In *Kellett v. Superior Court* (1966) 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206], the court stated that "[w]hen, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence."

Section 954 provides that "[a]n accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . ." Under section 954, clearly it would have been proper if the prosecution had included the forgery and filing false documents counts contained in the amended information in the original information. "The policy which supports Penal Code sections 954 and 654 is that of requiring a joinder of related offenses in a single prosecution in order to prevent harassment of a defendant and to save both the People and the defendant time and money required in the presentation of a needless repetition of evidence." (*In re Johnny V.* (1978) 85 Cal.App.3d 120, 139 [149 Cal.Rptr. 180].)

---

[4]The finding of instruction error, in a way, was not required for the court's decision. Stated otherwise, since we found no evidence was adduced at trial to prove the false representation necessary to a conviction of theft of real property, even had the jury been properly instructed, the conviction would have been required to be reversed.

[5]In *Neal v. State of California* (1960) 55 Cal.2d, 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839], the court stated that "[s]ection 654's preclusion of multiple prosecution is separate and distinct from its preclusion of multiple punishment. The rule against multiple prosecutions is a procedural safeguard against harassment and is not necessarily related to the punishment to be imposed; double prosecution may be precluded even when double punishment is permissible."

In *In re Johnny V., supra*, 85 Cal.App.3d 120, a juvenile petition was filed which alleged the crime of murder. At the juvenile hearing, the judge sustained the petition, finding the juvenile had committed an assault with a deadly weapon, even though that charge had not been contained in the petition. On appeal, the *Johnny V.* court reversed the order sustaining the assault with a deadly weapon charge, since that charge was not contained in the petition and was not a necessarily included offense.

The appellate court also concluded the trial court's finding, albeit an erroneous one, that the minors had committed an assault with a deadly weapon constituted an implied acquittal of the murder charge. The appellate court, applying *Kellett* principles, then ruled that the minors could not be prosecuted for any other violation of law arising out of the events giving rise to the original murder prosecution, including assault with a deadly weapon.

A similar result was reached *In re Benny G.* (1972) 24 Cal.App.3d 371 [101 Cal.Rptr. 28]. In that case, a petition charging robbery was filed against a minor. After the court found untrue the allegation that the minor had committed the robbery, a new petition was filed alleging the minor was an accessory to the robbery. After the latter petition was sustained, the minor appealed, claiming his prosecution under the new petition was barred by section 654. The appellate court, based on *Kellett*, reversed.

In the present case, it is undisputed that the prosecutor was, or should have been aware, that the forgery and filing false document offenses were viable at the time the original information was filed. Moreover, it is conceded the forgery and filing false document counts contained in the new information are based on the identical evidence that gave rise to the original grand theft of real property charges. On its face, therefore, Sanders's prosecution on the new information would appear to be barred by *Kellett*.

The People seek to avoid the obvious *Kellett* problem by claiming this court's reversal and remand for "any further appropriate proceedings" authorized Sanders's retrial under section 1262 (and the amendment of the information under section 1009).[6] Section 1262 provides in pertinent part that "[i]f a judgment against the defendant is reversed, such reversal shall be deemed an order for a new trial, unless the appellate court shall otherwise direct."

---

[6] Section 1009 provides in pertinent part: "The court in which an action is pending may order or permit an amendment of an . . . information, . . . for any defect or insufficiency, at any stage of the proceedings . . . An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination."

We readily concede our reversal and remand for "any further appropriate proceedings" could have mislead the parties. The quoted phrase was inadvertently included in the opinion because it was our intent to reverse Sanders's conviction based on insufficiency of the evidence to prove the crime of grand theft of real property (which we did) without consideration of the implications of that reversal. We affirm that intent now.

Since we reversed Sanders's conviction based on insufficiency of the evidence, sections 1262, 1009 and the cases cited by the People have no application to this case. While it is true that a defendant may be retried when a conviction is reversed for trial error, retrial on the same charge is impermissible if the reversal is based on insufficiency of the evidence. (*Burks* v. *United States* (1978) 437 U.S. 1, 18 [98 S.Ct. 2141, 2150-2151, 57 L.Ed.2d 1] [holding that ". . . the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient" and that the "only 'just' remedy available for that court is the direction of a judgment of acquittal"].)[7] Since Sanders could not be retried on the same charges, the only remaining question is whether, as the People contend, it was permissible to amend the information to add new charges. Under the circumstances presented by this case, and based on *Kellett* and its progeny, we hold the People could not properly amend the information to add new charges based on the same evidence that was utilized to support the original prosecution.

There can be no doubt in this case that the prosecution made a deliberate choice of prosecuting Sanders on the grand theft charges contained in the original information, while all along knowing that the identical evidence could support forgery and filing false document charges. It would be difficult to find a more clear application of section 654, subdivision (a) and *Kellett* principles. As stated In re *Dennis B.* (1976) 18 Cal.3d 687, 694 [135 Cal.Rptr. 82, 557 P.2d 514], "[a]lthough occasional failure to coordinate prosecutorial efforts may result in a defendant guilty of a felony escaping proper punishment, such a risk 'is inherent in the preclusion of section 654 of multiple punishment.' " (*Ibid.*)

A final comment is in order. If *Kellett* principles are not applied to a case such as this, the resultant injustice would be manifest. The People, knowing several charges could be filed, could choose to file only one and see how

[7]*People* v. *Williams* (1997) 56 Cal.App.4th 927 [66 Cal.Rptr.2d 329], relied on by the People, is inapposite to the facts of this case. *Williams,* which involved the amendment of an information to include an additional charge following a mistrial, has nothing to do with the issue raised in this case, i.e., whether new charges may be filed after a reversal of the conviction on the original charge based on insufficiency of the evidence.

that turns out. If the defendant is convicted, the other charges are rendered unnecessary. But if the defendant prevails, either at trial or on appeal on the ground of insufficiency of the evidence, the People could then file a new charge and keep doing that until a conviction is finally had. It is just such conduct which *Kellett* and its progeny seek to prevent.

Because we conclude Sanders's prosecution on the new information is barred by section 654, subdivision (a) and *Kellett*, we are not required to address his remaining double jeopardy, statute of limitations and prejudicial delay issues.

## DISPOSITION

The petition for writ of mandate is granted. The Superior Court of the State of California for the County of Los Angeles is directed to issue its order dismissing the information in People v. Sanders, No. BA082842.

Alternative writ issued on August 6, 1999, is hereby discharged.

Klein, P. J., and Croskey, J., concurred.