Filed 11/27/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| GORDON SHORT,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | H046372<br>(Santa Clara County<br>Super. Ct. No. B1475303) |

Petitioner Gordon Short was tried in 2017 for seven sex offenses allegedly committed against his adopted daughter when she was a child.  The jury convicted Short of two counts, acquitted him of one, and was unable to reach a verdict on four.  The prosecutor moved to amend the information to add eight new, alternative charges based on the conduct underlying the four counts on which the first jury hung.  The trial court permitted the amendment over Short's objections that it was barred by Penal Code section 654, subdivision (a)'s prohibition on successive prosecutions and was vindictive in violation of his due process rights.[1]  Short now challenges that ruling in this writ proceeding.

We are presented with what apparently is a question of first impression:  whether the bar on successive prosecutions bars the addition of new charges following a trial where the jury acquitted on some counts, convicted on others, and could not agree on the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

remainder.  We hold that the bar on successive prosecutions does not apply on the facts of this case.  We further conclude that the facts do not give rise to a presumption of vindictiveness because the new charges are less serious, alternative charges that do not increase Short's exposure.  We will deny the petition.

## I.  BACKGROUND

### A.  *Factual Summary*[2]

Short and his wife adopted the victim when she was four years old.

The victim had trouble sleeping and when she was a child Short would sit on her bed until she fell asleep.  When the victim was seven or eight years old, Short started touching her breasts and vagina at bedtime.  When she was nine or 10 years old, Short first inserted his penis into her vagina.  He did so four to six times a month until she was 12 years old.  Short made the victim orally copulate him multiple times when she was between the ages of about 9 and 12 years old.  The victim believed that the sexual abuse stopped when she was 12 years old, in part because she realized it was abuse after taking Sex Ed in school, and she reacted by avoiding Short and figuratively pushing him away.  The victim disclosed the abuse when she was 14 or 15 years old.

The Santa Clara County District Attorney charged Short by first amended information with seven counts:  one count of lewd or lascivious acts on a child under 14 years between September 29, 2005 and September 28, 2006 (when the victim was six years old) (§ 288, subd. (a); count 1); four counts of sexual intercourse or sodomy with a child 10 years old or younger between September 29, 2006 and September 28, 2010 (when the victim was between seven and 10 years old) (§ 288.7, subd. (a); counts 2-5); one count of lewd or lascivious acts on a child under 14 between September 29, 2010 and September 28, 2011 (when the victim was 11 years old) (§ 288,

---

[2] Our factual summary is based on the victim's testimony at Short's first trial, at which time she was 18 years old.  We rely exclusively on her testimony because it is the only evidence in the record.

subd. (a); count 6); and one count of lewd or lascivious acts on a child under 14 between September 29, 2011 and September 28, 2012 (when the victim was 12 years old) (§ 288, subd. (a); count 7).  As to counts 1, 6, and 7, the first amended information alleged substantial sexual contact between Short and the victim, meaning "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." (§ 1203.066, subds. (a)(8), (b).)

Short went to trial on all seven counts in 2017.  A jury returned a not guilty verdict on count 1 and guilty verdicts on counts 6 and 7; it hung on counts 2 through 5.[3]  The jury found true the allegations that Short had substantial sexual contact with the victim in connection with counts 6 and 7.  The trial court declared a mistrial on counts 2 through 5.

Following unsuccessful plea negotiations regarding the four unresolved counts, the District Attorney moved under section 1009 to amend the information to add eight additional counts—four counts of aggravated sexual assault (rape by force, fear, or threat) on a child under 14 years (§§ 269/261) and four counts of lewd or lascivious acts on a child under 14 years by force or fear (§ 288, subd. (b)).  The prosecutor argued that these were alternative charges for the conduct underlying former counts 2 through 5, on which the original jury had failed to reach a verdict.  Initially the prosecutor sought to allege that the eight additional counts occurred between September 29, 2006 and September 28, 2011, when the victim was between seven and 11 years old.  That date range was one year longer than the date range associated with former counts 2 through 5 and overlapped with former count 6, of which Short was convicted.  The prosecutor later changed the date range associated with the eight additional counts to between September 29, 2006 and

---

[3] That is, the jury acquitted Short of the offense alleged to have occurred when the victim was six years old, failed to reach a verdict as to the offenses alleged to have occurred when she was between seven and 10 years old, and convicted on the offenses alleged to have occurred when she was 11 and 12 years old.

September 28, 2010 to eliminate the overlap with former count 6 and thereby avoid any double jeopardy issue.

Short opposed the motion to amend on two grounds. Citing *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*), he argued that the bar on successive prosecutions proscribed the filing of new charges based on the same course of conduct as the original charges. He also asserted that the new charges constituted vindictive prosecution.

The trial court found that no presumption of vindictiveness arose because the new charges do not increase Short's maximum exposure; the court declined Short's request for an evidentiary hearing on the issue. The court further concluded that *Kellett* did not bar the proposed amendment. In doing so, the court noted the lack of any published case law directly on point.

On October 19, 2018, the trial court allowed the prosecution to file a third amended information. The third amended information alleges the seven charges on which defendant already was tried plus the eight new charges, for a total of 15 counts. Specifically, it alleges four counts of sexual intercourse or sodomy with a child 10 years old or younger between September 29, 2006 and September 28, 2010 (when the victim was between seven and 10 years old) (§ 288.7, subd. (a); counts 1, 4, 7, and 10/former counts 2-5); four counts of aggravated sexual assault of a child under 14 by rape between September 29, 2006 and September 28, 2010 (when the victim was between seven and 10 years old) (§§ 269/261, subd. (a); counts 2, 5, 8, and 11); four counts of lewd or lascivious acts on a child by force between September 29, 2006 and September 28, 2010 (when the victim was between seven and 10 years old) (§§ 288, subd. (b)(1); counts 3, 6, 9, and 12); one count of lewd or lascivious acts on a child under 14 years between September 29, 2005 and September 28, 2006 (when the victim was six years old) (§ 288, subd. (a); count 13/former count 1); one count of lewd or lascivious acts on a child under 14 between September 29, 2010 and September 28, 2011 (when the victim was 11 years old) (§ 288, subd. (a); count 14/former count 6); and one count of lewd or

4

lascivious acts on a child under 14 (when the victim was 12 years old) (§ 288, subd. (a); count 15/former count 7). The third amended information alleged substantial sexual contact as to counts 3, 6, 9, and 12 through 15 (§ 1203.066, subds. (a)(8), (b)). Finally, the third amended information stated that "Short was previously found not guilty on former Count 1 (§ 288(a), age 6), and he was previously found guilty on former Counts 6 and 7 (§ 288(a), ages 11 and 12), and the Special Allegations found true. These Counts are now listed as 13, 14, and 15. The conduct alleged in Counts 1-12 in this Third Amended Information is separate from the conduct in those three Counts."

Short challenged the trial court's rulings by way of a petition for writ of prohibition/mandate filed in this court in November 2018. This court stayed all trial court proceedings in January 2019. After obtaining preliminary opposition and reply, we issued an order to show cause.

## II. DISCUSSION

### A. *The Bar on Successive Prosecutions Does Not Apply Here*

#### 1. *Legal Principles*

##### a. *The Bar on Successive Prosecutions*

Section 654, subdivision (a) proscribes both multiple punishment and multiple prosecutions. (*People v. Linville* (2018) 27 Cal.App.5th 919, 927 (*Linville*).) As to multiple prosecutions, it states: "[a]n acquittal or conviction and sentence under any one [provision of law] bars a prosecution for the same act or omission under any other [provision of law]." (§ 654, subd. (a).) *Kellett* is the leading case on section 654, subdivision (a)'s bar against successive prosecutions. There our Supreme Court held that "[w]hen . . . the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal

5

or conviction and sentence." (*Kellett*, *supra*, 63 Cal.2d at p. 827.) The purpose of the bar on successive prosecutions is to prevent "needless harassment" of criminal defendants and to avoid "the waste of public funds . . . ." (*Ibid.*)

"[T]he appellate courts have developed two different tests to determine if the same course of conduct plays a significant part in multiple offenses for purposes of section 654's ban on multiple prosecutions. [Citation.] 'Under one line of cases, multiple prosecutions are not barred if the offenses were committed at separate times and locations. . . . [¶] A second version of the test—the "evidentiary test"—looks to the evidence necessary to prove the offenses. [Citation.] "[I]f the evidence needed to prove one offense necessarily supplies proof of the other, . . . the two offenses must be prosecuted together, in the interests of preventing needless harassment and waste of public funds." [Citation] "The evidentiary test . . . requires more than a trivial overlap of the evidence. Simply using facts from the first prosecution in the subsequent prosecution does not trigger application of *Kellett*." ' [Citation.]" (*Linville*, *supra*, 27 Cal.App.5th at p. 931.)

Ultimately, "[w]hat matters" in determining whether the bar against successive prosecutions applies "is the totality of the facts, examined in light of the legislative goals of section[] 654 . . . ." (*People v. Flint* (1975) 51 Cal.App.3d 333, 336.) Accordingly, courts will decline to apply the bar on successive prosecutions where doing so will not serve "the policies underlying section 654"—namely, "preventing harassment of the defendant and the waste of public resources through relitigation of issues . . . ." (*People v. Davis* (2005) 36 Cal.4th 510, 558 (*Davis*) [declining to apply the successive prosecution bar where doing so would not have served the bar's underlying purposes]; *Linville*, *supra*, 27 Cal.App.5th at p. 934 [where the defendant previously had been convicted of being an accessory after the fact to two killings, holding that the defendant could be prosecuted for murder for those same killings, noting that "the policies of section 654 would not be served by prohibiting Linville's murder prosecution"].)

### b. *Section 1009 and the Amendment of Accusatory Pleadings*

Section 1009 governs the amendment of accusatory pleadings. It provides, in relevant part, that "[t]he court in which an action is pending may . . . permit an amendment of an . . . information . . . for any defect or insufficiency, at any stage of the proceedings . . . ." (§ 1009.) Courts have construed section 1009 as allowing the addition of new charges after a mistrial "despite the statutory prohibition against multiple punishment for a single course of conduct located in section 654 . . . ." (*People v. Williams* (1997) 56 Cal.App.4th 927, 933.) " 'The question[] of whether the prosecution should be permitted to amend the information . . . [is] within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent a clear abuse of discretion.' [Citations.]" (*People v. Hamernik* (2016) 1 Cal.App.5th 412, 424.)

### 2. *Analysis*

In this case, the prosecutor sought to amend the information after a first trial that resulted in an acquittal on one count, convictions on two others, and a mistrial on the remaining four. We must decide which rule applies: section 654, subdivision (a)'s ban on bringing new charges against a defendant after acquittal or conviction and sentencing or the rule that new charges may be added after a mistrial.

We agree with the trial court's conclusion that *Kellett* and the bar against successive prosecutions do not apply on these facts. As noted above, courts have declined to apply the bar on successive prosecutions where its application will not serve the underlying purposes of conserving public resources and protecting the defendant from harassment. That is the case here. The section 288.7 charges on which the first jury hung may be retried regardless of whether the new charges are permitted. And because the new charges involve the same underlying conduct as the section 288.7 charges, their addition will have minimal, if any, impact on the nature of the trial and, by extension, on the public fisc. Accordingly, applying the rule of *Kellett* here will not promote judicial efficiency or conserve public resources. Nor is application of *Kellett* necessary to protect

7

Short from harassment, as section 1009 itself safeguards against unfair amendments. The prosecutor was required by section 1009 to obtain court approval to amend the information with the new charges. The trial court had the discretion to disallow those amendments to the extent they were unfair. And "a failure to protect against such harassing amendments would be an abuse of discretion" subject to challenge and reversal under section 1009. (*People v. Flowers* (1971) 14 Cal.App.3d 1017, 1021.) Moreover, "[h]ere, defendant's interest in being free from the harassment of a [trial on the added charges is] minimal given that he [will be] on trial for the . . . more serious [section 288.7(a)] charges" regardless. (*Davis*, *supra*, 36 Cal.4th at p. 558.)

*Sanders v. Superior Court* (1999) 76 Cal.App.4th 609 (*Sanders*) and *People v. Goolsby* (2015) 62 Cal.4th 360 (*Goolsby*), on which Short relies, are distinguishable. In *Sanders*, the defendant's convictions were overturned on appeal for insufficient evidence. (*Sanders*, *supra*, at p. 616.) On remand, the prosecutor amended the information to add new charges based on the same conduct as the original charges. The Court of Appeal held that the defendant's prosecution on the new information was barred by section 654, subdivision (a) and *Kellett*. (*Sanders*, *supra*, at p. 617.) "[A]n appellate ruling of legal insufficiency is functionally equivalent to an acquittal . . . ." (*People v. Hatch* (2000) 22 Cal.4th 260, 272.) Accordingly, the defendant in *Sanders* had effectively been acquitted on all counts. Those acquittals "bar[red] a prosecution for the same act[s] . . . under any other [provision of law]." (§ 654, subd. (a).) *Sanders*, therefore, involved a straightforward application of section 654, subdivision (a) following across-the-board acquittals.

In *Goolsby*, the defendant was convicted of arson of an inhabited structure. (*Goolsby*, *supra*, 62 Cal.4th at p. 362.) The Court of Appeal reversed for insufficient evidence. (*Ibid*.) The prosecutor sought to retry the defendant for the lesser related offense of arson of property. (*Ibid*.) Our Supreme Court stated that "*Kellett* . . . would prohibit charging that crime for the first time now." (*Id*. at p. 366.) But the *Goolsby*

8

court concluded that the subsequent prosecution was not barred because the defendant had originally been prosecuted for the lesser related offense. *Goolsby*, like *Sanders*, stands for the straightforward proposition that the bar on successive prosecutions applies following a straight acquittal (or its equivalent, a reversal for insufficient evidence).

Following an acquittal or a reversal for insufficient evidence, retrial on the same charges is not permitted. In that circumstance, prohibiting a new trial on new charges promotes section 654, subdivision (a)'s policies of preventing harassment and conserving public resources. As discussed above, the same cannot be said here, where a retrial on the hung charges is permitted.

### B. *Vindictive Prosecution*

Short contends the prosecutor's decision to add charges following the first trial and unsuccessful plea negotiations regarding the four unresolved counts raises a presumption of vindictive prosecution. The Attorney General says no such presumption arises because the added charges did not increase Short's maximum exposure. We agree with the Attorney General.

#### 1. *Legal Principles*

The due process clauses of the state and federal Constitutions prohibit prosecutors from punishing criminal defendants for exercising their constitutional rights. (*People v. Jurado* (2006) 38 Cal.4th. 72, 98.) "The constitutional protection against prosecutorial vindictiveness is based on the fundamental notion that it 'would be patently unconstitutional' to 'chill the assertion of constitutional rights by penalizing those who choose to exercise them.' " (*In re Bower* (1985) 38 Cal.3d 865, 873 (*Bower*).) "In vindictive prosecution cases it is the Government's attempt or threat to 'up the ante' by bringing new or more serious charges in response to the exercise of protected rights that violates the due process guarantee." (*United States v. Robison* (9th Cir. 1981) 644 F.2d 1270, 1273.)

9

A vindictive prosecution claim may be established " 'by producing direct evidence of the prosecutor's punitive motivation'. . . ." (*United States v. Brown* (9th Cir. 2017) 875 F.3d 1235, 1240.) In the absence of direct evidence of vindictiveness, a criminal defendant may raise a rebuttable presumption of vindictiveness " 'by showing that the circumstances establish a "reasonable likelihood of vindictiveness." ' " (*Ibid.*) When a presumption of vindictiveness exists, "the burden shifts to the government to present 'objective evidence justifying the prosecutor's action.' " (*Ibid.*)

"[A]n inference of vindictive prosecution is raised if, upon retrial after a successful appeal, the prosecution increases the charges so that the defendant faces a sentence potentially more severe than the sentence he or she faced at the first trial." (*People v. Ledesma* (2006) 39 Cal.4th 641, 731.) A presumption of vindictiveness likewise is raised where the prosecutor adds additional charges, which subject the defendant to a greater potential penalty, after a mistrial. (*Twiggs v. Superior Court* (1983) 34 Cal.3d 360, 368-369; see *Bower*, *supra*, 38 Cal.3d at p. 873 ["the due process prohibition against prosecutorial vindictiveness bars the People from increasing the severity of the potential charges against [a criminal defendant] after he [or she] move[s] for a mistrial"].)

The California Supreme Court has not determined the standard of review to be applied to a claim of vindictive prosecution. (See *People v. Ayala* (2000) 23 Cal.4th 225, 299 [rejecting defendant's claim of vindictive prosecution "under any standard of review"].) This court has treated the issue as a mixed question of fact and law, reviewing the trial court's factual findings for substantial evidence and its legal determination as to whether the facts create a presumption of vindictiveness de novo. (*People v. Puentes* (2010) 190 Cal.App.4th 1480, 1487.)

   2. *Analysis*

Here, after a partial mistrial, the prosecutor added new charges based on the conduct originally charged in the four counts on which the first jury hung. Those new

charges are less serious than the original charges.[4]  And the new charges do not increase

Short's potential sentence.  Because they were added as alternative charges, the jury on

retrial presumably will be instructed that it cannot find Short guilty of more than one

alternative charge for each underlying act.  (See CALCRIM No. 3516.)  But even if Short

is convicted of multiple counts for the same underlying conduct, he can be punished

under only one provision of law.  (§ 654, subd. (a).)  Under these circumstances, we

cannot conclude that the prosecutor "upped the ante."

As Short notes, courts occasionally have used language suggesting that an increase

in the number of charges alone raises a presumption of vindictiveness.  (E.g., *Bower*,

*supra*, 38 Cal. 3d, at p. 872 ["the possibility that increased or additional charges violated

due process . . ."]; *United States v. Kent* (9th Cir. 2011) 649 F.3d 906, 912

[" 'A prosecutor violates due process when he seeks additional charges solely to punish a

defendant for exercising a constitutional or statutory right' "].)  Of course, in the usual

run of cases, more charges means more potential prison time.  Significantly, Short cites

no case finding that a presumption of vindictiveness was raised by the addition of less

serious charges that did not increase the defendant's exposure, and we are aware of none.

The cases on which Short relies do not support his position.  For example, in

*Hardwick v. Doolittle* (5th Cir. 1977) 558 F.2d 292, 300, the Fifth Circuit Court of

Appeals concluded that the petitioner had made out a prima facie case of vindictive

prosecution where a second indictment added new charges that "doubled" the petitioner's

" 'potential period of incarceration.' "   In *United States v. Jamison* (D.C. Cir. 1974) 505

---

[4] The first jury failed to reach verdicts on four counts of sexual intercourse or sodomy with a child 10 years old or younger in violation of section 288.7, subdivision (a).  Each of those counts exposes Short to a potential prison sentence of 25 years to life.  The prosecutor added four counts of violating section 269, subdivision (a)(1), each of which exposes Short to a potential prison sentence of 15 years to life.  (§ 269, subd. (b).)  The new charges also include four counts of violating section 288, subdivision (b)(1), each of which exposes Short to a potential prison sentence of between five and 10 years.

11

F.2d 407, 408, the prosecutor sought to indict appellants for first degree murder following a mistrial under an earlier indictment for second degree murder. The D.C. Circuit concluded that those facts raised a presumption of vindictiveness. *Jamison* is distinguishable because first degree murder is a more serious charge than second degree murder, whereas the new charges in this case were less serious than the existing charges. Moreover, the *Jamison* court found "ample difference in terms of length of sentence alone between second and first degree murder," noting that second degree murder carried a sentence of " 'life or not less than twenty years,' " whereas first degree murder carried a mandatory life sentence. (*Id*. at p. 415.) Here, the original charges each carry a sentence of 25 years to life, while the new charges carry sentences of 15 years to life and five, eight, or 10 years.

Defendant contends that the addition of less serious charges may impact the chances of conviction at a retrial. But, "[i]n the absence of a prospect of exposure to increased punishment, we do not believe that a defendant's right to move for a mistrial [or a defendant's right to a retrial following a mistrial] is realistically chilled by the possibility of facing additional charges on retrial." (*Lane v*. *Lord* (2d Cir. 1987) 815 F.2d 876, 879.)

## III. DISPOSITION

The petition is denied and the previously ordered temporary stay of the trial court proceedings is dissolved effective upon the issuance of remittitur.

_____

ELIA, ACTING P. J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

MIHARA, J.




*Short v. Superior Court*
H046372

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. B1475303 |
| Trial Judge: | Hon. Allison M. Danner<br>Hon. Charles E. Wilson, II |
| Counsel for Petitioner:<br>GORDON SHORT | Daniel L. Barton<br>Nolan Barton & Olmos |
| Counsel for Respondent:<br>SUPERIOR COURT OF SANTA<br>CLARA COUNTY | No appearance for Respondent |
| Counsel for Real Party in Interest:<br>THE PEOPLE | Xavier Becerra<br>Attorney General<br><br>Gerald A. Engler<br>Chief Assistant Attorney General<br><br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br><br>Donna M. Provenzano<br>Supervising Deputy Attorney General<br><br>Melissa A. Meth,<br>Deputy Attorney General<br><br>Sara Elizabeth Dabkowski<br>Office of the District Attorney |

*Short v. Superior Court*
H046372