[Crim. No. 853. Fifth Dist. Feb. 2, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE FLOWERS, Defendant and Appellant.

## COUNSEL

Kenneth N. Hastin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Edsel W. Haws and O. Robert Simons, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GINSBURG, J.**[*]—Appellant was found guilty of violation of section 245 of the Penal Code, assault by means of force likely to produce great

---

[*]Assigned by the Chairman of the Judicial Council.

bodily injury, after trial by jury. He appeals from the judgment based upon the verdict.

The sole issue raised by appellant is the propriety of the allowance of an amendment to the information adding a new count after a mistrial. The appellant was originally charged with violation of section 211 of the Penal Code, robbery, by a complaint filed in the municipal court. After a preliminary examination, he was bound over to superior court on this charge. A jury trial followed; the jurors could not agree and a mistrial was declared. The case was set for retrial, and on the day the retrial was to commence the district attorney was permitted to file an amended information, over appellant's objection. The amended information added a second count charging assault by means of force likely to produce great bodily injury to the original count charging robbery. After various continuances granted for the convenience of the court and at the request of the district attorney and the defendant, respectively, trial was had some six weeks later.

The defendant was acquitted of the original charge of robbery, and was found guilty of the second count charged by amendment to the information—assault by means of force likely to produce great bodily harm.

No issue is raised as to the sufficiency of the evidence adduced at the preliminary examination to support the second count of the amended information. Nor does appellant question the sufficiency of the evidence at the trial to sustain the conviction, or point to any error which may have been committed during the trial. ■ The sole issue raised by appellant is whether the allowance of an amendment to the information, adding a new and distinct charge after a first trial results in a mistrial, is violative of a defendant's constitutional rights.

Penal Code section 1009[1] controls the amendment of an information

---

[1]Penal Code section 1009 reads, in part, as follows: "An indictment, accusation or information may be amended by the district attorney, and an amended complaint may be filed by the prosecuting attorney in any inferior court, without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained. The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, or if the defect in an indictment or information be one that cannot be remedied by amendment, may order the case submitted to the same or another grand jury, or a new information to be filed. The defendant shall be required to plead to such amendment or amended pleading forthwith, or, at the time fixed for pleading, if he has not yet pleaded and the trial or other proceeding shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of

by the district attorney. Under its language, he may amend without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained. This right is, however, made subject to two limitations: (1) An information cannot be amended so as to charge an offense not shown by the evidence taken at the preliminary examination; and (2) if the substantial rights of the defendant would otherwise be prejudiced, a reasonable postponement of any pending proceeding may be granted.

After the defendant pleads or a demurrer is sustained, the right of the district attorney to amend the information is subject to a *third* qualification. It may no longer be accomplished without leave of court; the court *may* order or permit the amendment (Pen. Code, § 1009, fn. 1, *supra*). █ Thus, after plea or demurrer sustained, ". . . (w)hether the prosecution should be permitted to amend an information is a matter within the sound discretion of the trial court and its discretion will not be overruled in the absence of a clear abuse thereof." (*People* v. *Baldwin*, 191 Cal.App.2d 83, 87 [12 Cal.Rptr. 365], citing *People* v. *Stoddard*, 85 Cal.App.2d 130, 138-139 [192 P.2d 472].)

The application of this section to allow an amendment to an information so as to add another offense shown by the evidence at the preliminary hearing has been held not to violate a defendant's constitutional rights (*People* v. *Tallman*, 27 Cal.2d 209, 213 [163 P.2d 857]). It has been held to be a proper exercise of discretion to permit the prosecution to amend to add an additional count at the time of commencement of the trial (*People* v. *Shutler*, 15 Cal.App.2d 704, 705 [59 P.2d 1050]), and also to amend an information to properly state the offenses at the conclusion of the trial (*People* v. *Roth*, 137 Cal.App. 592, 607-608 [31 P.2d 813]). In the *Roth* case, *supra*, the court stated in reference to the constitutionality of Penal Code section 1008 (now, in substance, Pen. Code, § 1009): ". . . [A]n amendment cannot be made under the section if it prejudices the substantial rights of a defendant; and inasmuch as he is furnished with a copy of the transcript of the proceedings at the preliminary hearing, he has notice of any charge that under the section may be placed against him by amendment of the information. The section itself preserves the substantial rights of the party to a trial on a charge of which he had due notice, and that is all the Constitution requires."

The reasoning of the *Roth* case, *supra*, applies with equal force to an amendment made after a mistrial as well as before. █ An amendment

---

justice require, may be granted. An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination."

at either stage of the proceedings cannot be made if it prejudices the substantial rights of the defendant, and at both times his substantial right to a trial on a charge of which he had due notice is preserved by the section itself.

■ Appellant contends that by giving the district attorney the right to add additional counts after a mistrial, the constitutional rights of the defendant to testify or refuse to testify at his trial is circumscribed as are his *Miranda*[2] rights; this by reason of the fact that what he says in his defense at the first trial may be used as the basis for an added count in another trial. But the same argument could be made where the defendant was considering the advisability of testifying in his own behalf at a preliminary examination before a magistrate; if his testimony reveals offenses other than those set forth in the complaint, they may be included in the information. Furthermore, the defendant loses no real rights because, even if the court were to disallow an amendment after a mistrial, the district attorney could file a new information setting forth the additional counts.

Appellant also argues that the right of the district attorney to add counts after a mistrial is a "limitless privilege" which gives rise to an opportunity to harass or vex the defendant with successive amendments. ■ However, the discretion of the trial court to disallow such amendments protects the defendant against such unfair proffered amendments; a failure to protect against such harassing amendments would be an abuse of discretion.

■ "When there has been a failure of trial by disagreement of the jury, the status is the same as if there had been no trial." (*People* v. *Messerly,* 46 Cal.App.2d 718, 721 [116 P.2d 781]; *People* v. *Crooms,* 66 Cal.App.2d 491, 499 [152 P.2d 533].) Thus, after a mistrial, the right of the district attorney to amend is the same as at any other time after plea or demurrer sustained. ■ There being no contention here (1) that the added count was not shown by the evidence taken at the preliminary hearing, or (2) that the defendant was deprived of a reasonable postponement to his substantial prejudice, or (3) that the trial court abused its discretion in permitting the amendment to the information, the judgment based upon the added count is affirmed.

Stone, P. J., and Gargano, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 31, 1971.

---

[2]*Miranda* v. *State of Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].