[No. B097732. Second Dist., Div. Four. July 8, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS R. WILLIAMS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to rules 976(b) and 976.1 of the California Rules of Court, this opinion is certified for partial publication with the exception of parts B., C., D., and E. of the Discussion.

COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Mitchell Keiter, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BARON, J.—Appellant Thomas R. Williams was found guilty of receiving stolen property and sentenced to a term of imprisonment of 25 years to life under the "Three Strikes" law. We reverse the sentence and remand the matter for further consideration under *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], and affirm the judgment in all other respects.

RELEVANT PROCEDURAL BACKGROUND

On October 14, 1994, a one-count information was filed against appellant Thomas R. Williams, charging him with robbery, a violation of Penal Code

section 211.[1] The information alleged that appellant had been convicted of two prior burglaries within the meaning of section 667. It further alleged that appellant had been sentenced for these and two other convictions of burglary, as well as two convictions of receiving stolen property, within the meaning of section 667.5, subdivision (b). Appellant pleaded not guilty and denied the prior conviction allegations.

Trial by jury commenced on February 2, 1995. The main witnesses were two children, Jermaine and Jasmine Stanley. On February 10, 1995, the trial court declared a mistrial after the jury was unable to reach a verdict. The information was subsequently amended to include a charge of receiving stolen property in violation of section 496, subdivision (a).

The second trial by jury began on June 19, 1995. The trial court admitted Jermaine and Jasmine Stanley's testimony from the first trial after finding that despite an exercise of due diligence the district attorney had been unable to locate these witnesses. On June 27, 1995, the jury found appellant not guilty of robbery and guilty of receiving stolen property. Appellant waived trial by jury regarding the prior conviction allegations, and the trial court found that appellant was subject to six enhancements under section 667.5, subdivision (b). The trial court struck the enhancements under section 667.5, subdivision (b), and sentenced appellant to a total of 25 years to life pursuant to section 667, subdivision (e)(2)(A)(ii). This appeal followed.

FACTS

A. *First Trial*

Jermaine and Jasmine Stanley testified as follows: About 4 p.m. on September 8, 1994, Jermaine Stanley was sitting on his bicycle near his house, and Jasmine was sitting on the house's porch. Appellant walked past Jermaine, then turned, pushed him off the bicycle, and rode the bicycle down a nearby alley, where he threw the bicycle over a fence. The children's parents called the police, who soon arrived, questioned the children, and searched the neighborhood with the children in the police car. When the children saw appellant riding Jermaine's bicycle and the officers asked him to stop, he first ignored the request and sped up, and then halted.

Officer Terence Keenan testified that after he and Officer George Molina obtained a brief description of the person who took the bicycle from the children, they drove around the neighborhood with the children. While the police car was halted at an intersection, appellant rode past on Jermaine

---

[1] Unless otherwise indicated, all further statutory citations are to the Penal Code.

Stanley's purple and pink child's mountain bike. The children recognized appellant and Officer Molina shouted at him to stop, but appellant continued to ride until the police car cut off his route.

### B. *Second Trial*

#### 1. *Prosecution Evidence*

Jermaine and Jasmine Stanley's testimony from the first trial was admitted, and Officer Keenan again testified as to the events leading to appellant's arrest. In addition, Keenan testified as follows:

Following appellant's arrest, he told the officers that his name was "Curtis Williams," and stated that he had bought the bicycle from a man at a nearby hamburger stand. The officers drove him to the hamburger stand, but he did not identify anyone as the person who sold him the bicycle.

At the police station, appellant was read his *Miranda* rights and he waived these rights, including his right to remain silent and to consult an attorney. Appellant made a statement that the officers transcribed. He stated that about five minutes before his arrest, an individual at the hamburger stand offered to sell appellant a bicycle for $30. Appellant offered $20, which the individual accepted. The individual said that he had taken the bicycle from somewhere outside the neighborhood, and appellant bought the bicycle anyway.

At the police station, appellant stated that his name was actually "Downey Williams" and then finally "Thomas Ray Williams."

#### 2. *Defense Evidence*

Officer Molina prepared the police report concerning this incident at the police station once appellant was in custody. He did not use notes in preparing the report because there were few details to remember.

### DISCUSSION

Appellant contends that (1) his conviction for receiving stolen property is infirm under double jeopardy principles, (2) the trial court erred in admitting Jermaine and Jasmine's testimony from the first trial, (3) the trial court improperly instructed the jury concerning oral admissions, (4) the trial court erred in ruling that it had no discretion to strike a prior conviction for sentencing under the Three Strikes statutes, and (5) his sentence is cruel and unusual punishment.

A. *Double Jeopardy*

■ Appellant contends that the federal and state constitutional protections against double jeopardy precluded his conviction on the charge of receiving stolen property in the amended information.

Under section 1009, the trial court may grant the district attorney leave to amend an information after the defendant enters a plea, provided, inter alia, that the amendment does not ". . . charge an offense not shown by the evidence taken at the preliminary examination." Here, appellant does not argue that the evidence presented at the preliminary hearing would not support the amended charge. In a variety of circumstances, appellate courts have held that when jury disagreement leads to a mistrial, the district attorney may amend the information under section 1009 to add a new charge shown by the evidence at the preliminary hearing without violating the defendant's constitutional or statutory rights. (See *People* v. *Brown* (1973) 35 Cal.App.3d 317, 322-323 [110 Cal.Rptr. 854]; *People* v. *Flowers* (1971) 14 Cal.App.3d 1017, 1020-1021 [92 Cal.Rptr. 647].)

However, no state court has squarely addressed appellant's contention that double jeopardy barred his conviction for receiving stolen goods because substantial evidence supporting this charge was not admitted *at the first trial*. Our inquiry into this contention follows established principles concerning double jeopardy. ■ "Under both the federal and state Constitutions, the double jeopardy clause 'serves principally as a restraint on courts and prosecutors.' [Citations.]" (*People* v. *Fields* (1996) 13 Cal.4th 289, 298 [52 Cal.Rptr.2d 282, 914 P.2d 832].) "The double jeopardy proscription . . . protects persons from being consecutively charged with violation of the same law or violation of laws so related that conduct prohibited by one statute is necessarily included within conduct prohibited by the other. [Citations.]" (*In re Dennis B.* (1976) 18 Cal.3d 687, 691 [135 Cal.Rptr. 82, 557 P.2d 514].)

■ Double jeopardy may bar retrial even though no verdict was rendered. "When a jury indicates it is unable to reach a verdict, double jeopardy rules bar retrial unless the defendant consents to the discharge of the jury [citation], or the trial court determines further deliberations are not reasonably likely to result in a verdict [citation], in which case legal necessity exists for a declaration of mistrial [citation]." (*People* v. *Marshall* (1996) 13 Cal.4th 799, 825 [55 Cal.Rptr.2d 347, 919 P.2d 1280].) However, when, as here, such legal necessity exists, " '. . . the court may properly discharge the jury and reset for trial.' [Citations.]" (*Stone* v. *Superior Court* (1982) 31 Cal.3d 503, 516 [183 Cal.Rptr. 647, 646 P.2d 809].)

Here, appellant focuses solely on the charge of receiving stolen property he faced at the second trial, and he does not dispute that he was properly retried on the charge of robbery. We conclude that double jeopardy does not bar his conviction for receiving stolen property. Several courts have held that, when a defendant's first trial ends without a verdict due to jury disagreement, double jeopardy does not preclude the defendant from facing new or different charges at the second trial. (See *People* v. *Kerrick* (1904) 144 Cal. 46, 47-48 [77 P. 711]; *People* v. *Lucas* (1926) 78 Cal.App. 421, 422-424 [248 P. 691]; see also *People* v. *Disperati* (1909) 11 Cal.App. 469, 471-473, 482-483 [105 P. 617].)

We find additional support for our conclusion in the fact that, following a mistrial, the district attorney may properly amend the information to include additional charges despite the statutory prohibition against multiple punishment for a single course of conduct located in section 654 (see *People* v. *Brown*, *supra*, 35 Cal.App.3d at pp. 322-323), which provides a protection related to the constitutional double jeopardy clauses. (See *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 828-829 [48 Cal.Rptr. 366, 409 P.2d 206].)

Nonetheless, appellant contends that his trial on receiving stolen property was improper because substantial evidence to support this charge was not introduced at the first trial, citing *Burks* v. *United States* (1978) 437 U.S. 1 [98 S.Ct. 2141, 57 L.Ed.2d 1], *Greene* v. *Massey* (1978) 437 U.S. 19 [98 S.Ct. 2151, 57 L.Ed.2d 15], and *People* v. *Jones* (1988) 203 Cal.App.3d 456 [249 Cal.Rptr. 840], disapproved on another ground in *People* v. *Tenner* (1993) 6 Cal.4th 559 [24 Cal.Rptr.2d 840, 862 P.2d 840]. In our view, appellant misapprehends these cases, which stand for the proposition that a defendant may not be retried on a charge *when a court reverses the conviction* on that charge for want of substantial evidence. (See *Burks* v. *United States*, *supra*, 437 U.S. at pp. 5-18 [98 S.Ct. at pp. 2144-2151]; *Greene* v. *Massey*, *supra*, 437 U.S. at pp. 24-27 [98 S.Ct. at pp. 2154-2155]; *People* v. *Jones*, *supra*, 203 Cal.App.3d at p. 460.)

This proposition is an exception to the general rule that double jeopardy does not bar retrial after a verdict is set aside by the trial court or a judgment is reversed on appeal. (See *People* v. *Lagunas* (1994) 8 Cal.4th 1030, 1038, fn. 6 [36 Cal.Rptr.2d 67, 884 P.2d 1015] [trial court]; *People* v. *Trevino* (1985) 39 Cal.3d 667, 694-696 [217 Cal.Rptr. 652, 704 P.2d 719], disapproved on another ground in *People* v. *Johnson* (1989) 47 Cal.3d 1194 [255 Cal.Rptr. 569, 767 P.2d 1047] [trial court]; *People* v. *Superior Court (Marks)* (1991) 1 Cal.4th 56, 72 [2 Cal.Rptr.2d 389, 820 P.2d 613] [appeal].) However, this exception is inapplicable unless the court that sets aside the verdict or reverses the judgment bases its ruling on the absence of

substantial evidence to support the conviction. (See *People* v. *Lagunas*, *supra*, 8 Cal.4th at p. 1038, fn. 6 [double jeopardy did not preclude retrial after trial court grants motion for new trial on grounds other than lack of substantial evidence].)

Appellant contends to the contrary that, even though the trial court declared a mistrial due to juror disagreement, double jeopardy principles require us to review the record of the first trial for substantial evidence concerning the charge of receiving stolen property, citing *People* v. *Wilson* (1996) 43 Cal.App.4th 839 [50 Cal.Rptr.2d 883]. We are not persuaded.

In *Wilson*, the jury in the defendant's first trial convicted him of murder on a felony-murder theory but acquitted him on the robbery charge underlying this theory. (See 43 Cal.App.4th at p. 846.) His conviction was reversed on appeal on grounds other than the sufficiency of the evidence. (See *id.* at pp. 841-842.) Following remand, the trial court ruled that because the defendant had been acquitted of the robbery charge underlying the felony-murder theory, he could be retried on the murder count only on a theory of willful, deliberate, and premeditated murder. (See *id.* at p. 842.) The court in *Wilson* concluded that double jeopardy did not bar his second conviction for murder, citing the rule that retrials are permitted following a successful appeal absent, inter alia, a reversal for lack of substantial evidence. (See *id.* at pp. 848-849.) In reaching this conclusion, the *Wilson* court noted that *the trial court* had determined, upon remand, that substantial evidence had been presented at the first trial to support a theory of willful, deliberate, and premeditated murder. (See *id.* at p. 849.)

*Wilson* does not support appellant's contention that when (1) on grounds other than the absence of substantial evidence a trial ends without a jury verdict, the jury's verdict is set aside, or the judgment following the verdict is reversed on appeal, and (2) the appellant is convicted after a second trial, the appellate court must independently review the record of the first trial for substantial evidence to support the subsequent conviction. The *Wilson* court itself conducted no such review. Although the trial court in *Wilson* may have had reasons for reviewing the record of the first trial, for example, to rule out prosecutorial vindictiveness (see *Twiggs* v. *Superior Court* (1983) 34 Cal.3d 360, 368-375 [194 Cal.Rptr. 152, 667 P.2d 1165]) or to determine the preclusive effect of the robbery acquittal (see *People* v. *Willoughby* (1985) 164 Cal.App.3d 1054, 1068), these reasons are not present here. Appellant raises no contention of prosecutorial vindictiveness. Moreover, unlike the first trial in *Wilson*, no verdict was returned on any issue in the first trial, and there is no basis for inferring an implied acquittal on the charge for receiving stolen property. (See *People* v. *Superior Court* (*Marks*), *supra*, 1 Cal.4th at p. 72.)

In sum, double jeopardy does not bar appellant's conviction for receiving stolen goods.

B.-E.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### DISPOSITION

The sentence is reversed and the matter is remanded for the limited purpose of an exercise of discretion under *Romero*, and for resentencing if appropriate thereafter. In all other respects, the judgment is affirmed.

Vogel (C. S.), P. J., and Aranda, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied October 15, 1997. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 927.

†Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.