Filed 10/15/15

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE, )
)
      Plaintiff and Respondent, )
)     S216648
    v. )
)     Ct.App. 4/2 E052297
RICHARD JAMES GOOLSBY, )
)     San Bernardino County
      Defendant and Appellant. )     Super. Ct. No. FSB905099
_____)

A jury convicted defendant, Richard James Goolsby, of violating Penal Code section 451, subdivision (b), which proscribes arson of "an inhabited structure or inhabited property."[1] Because of the way the case was charged, the Court of Appeal found the evidence insufficient to sustain the conviction, which precludes retrial of that charge. The question before us is whether defendant can be retried for the lesser related offense of arson of property under section 451, subdivision (d), without violating section 654, as interpreted in *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*). *Kellett* viewed section 654 as generally requiring all offenses involving the same act or course of conduct to be prosecuted in a single proceeding.

The prosecution did not charge defendant with arson of property, but the court instructed the jury on it. However, erroneously believing that arson of

_____

[1] All further statutory citations are to the Penal Code.

1

property is a lesser *included* offense of the charged crime, the court instructed the jury to reach a verdict on that offense only if it acquitted defendant of the greater offense. Accordingly, the jury did not reach a verdict on the arson of property charge.

We conclude that, under these circumstances, the lesser offense of arson of property *was* prosecuted in a single proceeding along with the section 451, subdivision (b), charge and, accordingly, that section 654 does not prohibit retrying defendant for that lesser offense. We reverse the judgment of the Court of Appeal, which had concluded that the entire case must be dismissed.

## FACTUAL AND PROCEDURAL HISTORY

The majority in the Court of Appeal summarized the facts established at trial: "Defendant and Kathleen Burley lived together in what was one of several motor homes defendant owned and had parked on a vacant lot. On November 28, 2009, defendant and Burley got into an argument. Sometime not long after the argument, in which defendant and Burley each called the police on the other, defendant used a vehicle to push an inoperable motor home next to the one in which he and Burley were living and where Burley then was sleeping. Defendant used gasoline to set the inoperable motor home on fire. After Burley got out with her dogs, the fire spread to the motor home in which she had been sleeping. The fire destroyed both motor homes."

The district attorney charged defendant with attempted murder and, relevant here, with violating section 451, subdivision (b). That provision makes it a felony to commit "[a]rson that causes an inhabited structure or inhabited property to burn." The original information charged that defendant committed arson of "an inhabited structure or inhabited property." However, an amended information, the one operative at trial, charged defendant with arson only of "an

2

inhabited structure."  The district attorney also alleged, as an enhancement, that defendant "caused multiple structures to burn."  (§ 451.1, subd. (a)(4).)

At trial, the court instructed the jury on arson as charged, i.e., arson of an "inhabited structure."  Additionally, it instructed the jury on lesser crimes, including arson of property under section 451, subdivision (d).  When the court stated it intended to give these instructions, defense counsel said he had not anticipated them.  But he never objected to them.  Because the court and parties evidently believed the crime of arson of property was included in the charged crime, the court instructed the jury to reach a verdict on it only if it acquitted defendant of the charged arson crime.

The jury acquitted defendant of attempted murder.  However, it found him guilty of "arson of an inhabited structure as charged."  It also found true the enhancement allegation that defendant caused multiple structures to burn.  In accordance with the trial court's instructions, the jury did not return a verdict on the lesser crimes, including arson of property.  The trial court subsequently found true allegations that defendant had suffered certain prior felony convictions and served prior prison terms, and it sentenced defendant accordingly.

The Court of Appeal reversed the judgment.  It held that the motor home was not a "structure" under the arson statute but instead is "property," and, for this reason, the evidence was insufficient to support the jury's verdict finding defendant guilty of arson of an inhabited structure.

The Court of Appeal also concluded that the crime of arson of property, on which the jury was also instructed, is not, as the court and parties had believed, a lesser *included* offense of the charged crime, but instead is a lesser *related* offense.  Arson of property under section 451, subdivision (d), is not included in the offense of arson of an inhabited structure or inhabited property under section 451, subdivision (b), because "arson of property does not include one burning or

3

causing to be burned his or her own personal property unless there is an intent to defraud or there is injury to another person or another person's structure, forest land, or property." (§ 451, subd. (d).) This provision adds a factual element to the lesser offense not included in the greater. One can violate subdivision (b), but not subdivision (d), of section 451 by burning one's own property or structure.

The Court of Appeal also concluded that no part of the case, including the charge of arson of property under section 451, subdivision (d), may be retried. Accordingly, it ordered the entire case dismissed. Justice Richli dissented from this latter conclusion. She argued that defendant could be retried on the lesser offense of arson of property.

We granted the Attorney General's petition for review, which raised only the question of whether the lesser related offense of arson of property can be retried, as the dissent had argued.[2]

## II. DISCUSSION

Section 451 makes a person "guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property." Defendant was charged with, and convicted of, arson under section 451, subdivision (b), which proscribes "[a]rson that causes an inhabited structure *or* inhabited property to burn." (Italics added.) Section 450 defines structure as "any building, or commercial or public tent, bridge, tunnel, or powerplant." (§ 450, subd. (a).) It

---

[2]     Later we requested and received supplemental briefing on an additional issue not raised in the petition for review. We have now, however, concluded that it is best simply to decide the issue raised in the petition for review. (See Cal. Rules of Court, rule 8.516(b)(3).)

4

defines property as "real property or personal property, other than a structure or forest land." (§ 450, subd. (c).)

The apparent reason that section 450's definition of property excludes a structure or forest land is that various provisions in the chapter that governs arson distinguish among these different categories. For example, the enhancement allegation of this case was that defendant "caused multiple structures to burn." (§ 451.1, subd. (a)(4).) Unlike section 451, subdivision (b), this enhancement applies only to structures and not to other kinds of property. Additionally, arson of an (uninhabited) "structure or forest land" is a less serious offense listed in section 451, subdivision (c). This lesser crime also applies only to a structure (or forest land) and not to other kinds of property.

The information operative at trial charged defendant with arson under section 451, subdivision (b), but in describing the crime it did not use the statutory language of arson of "an inhabited structure or inhabited property." Instead, it only alleged that he committed arson of "an inhabited structure." The court instructed the jury in the charged language, and the jury found defendant guilty as charged. The Court of Appeal held that the motor home located at that address was not a "structure" but instead was "property," a holding not before us on review and on which we express no opinion. Accordingly, it held that substantial evidence did not support the arson conviction. That being the case, the arson charge under section 451, subdivision (b), may not be retried. "[A]n appellate ruling of legal insufficiency is functionally equivalent to an acquittal and precludes a retrial." (*People v. Hatch* (2000) 22 Cal.4th 260, 272.)[3]

---

[3]    It is not clear why the amended information charged only arson of an inhabited structure rather than used the statutory language of arson of an inhabited structure *or* inhabited property, as the original information had done. The problem

*(footnote continued on next page)*

The issue before us is whether defendant may be retried for the lesser charge of arson of property under section 451, subdivision (d). Defendant makes two distinct arguments why the arson of property charge may not be retried. First, he argues that retrial would violate section 654 as interpreted in *Kellett*, *supra*, 63 Cal.2d 822. Second, he argues retrial would violate double jeopardy principles. The majority below found that *Kellett* barred retrial and did not decide the double jeopardy question. In dissent, Justice Richli argued that *Kellett* does not bar retrial. She also did not address the double jeopardy question.

We conclude that neither section 654 nor *Kellett*, *supra*, 63 Cal.2d 822, prohibits retrial. Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

Interpreting section 654 as it then read, which, as relevant here, was substantially identical to the current version,[4] *Kellett* held that when "the

---

*(footnote continued from previous page)*

in this case would not have arisen under the original information, because then it would not have mattered whether one characterized the motor home as a structure or property. Using the statutory language avoids potentially difficult questions regarding whether what was burned was a structure or some other kind of property.

[4] When *Kellett* was decided, section 654 provided: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." (As enacted by Stats. 1872; see *Kellett*, *supra*, 63 Cal.2d at p. 824, fn. 1.)

prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett*, *supra*, 63 Cal.2d at p. 827.)

The majority below held that this rule precluded retrial of the arson of property charge: "Although the trial court instructed the jury on the crime of arson of property, it did so only because the court and both attorneys believed it was a lesser necessarily included offense to the charged crime of arson of an inhabited structure. Consequently, the jury did not render or attempt to render a verdict on that crime because they had been instructed to do so only if they acquitted defendant on the charged greater offense. [Citation.] Had the prosecutor charged defendant with the lesser related offense in this case, the jury would have been instructed to render verdicts on both the greater and lesser charges. Because the prosecutor did not do so, there is no unresolved or pending charge on which to remand this matter to the trial court. [Citation.] Any new or subsequent trial in this matter would constitute a new prosecution of defendant based on the same evidence used to prosecute the original charge. Such a prosecution would violate section 654, subdivision (a)."

We disagree. If the trial court had not instructed the jury on arson of property, we have no doubt that *Kellett, supra*, 63 Cal.2d 822, would prohibit charging that crime for the first time now. Here, however, although the charging documents never charged this crime, the court did instruct the jury on it at trial. Defense counsel's response to the trial court's stated intent to instruct on the lesser related offense of arson of property constitutes, at best, an equivocal statement. It falls short of an express objection. Even if counsel had some disagreement with

7

the proposed instruction — and we see nothing in the record to this effect — counsel never sought a ruling from the court on the propriety of the instruction. As such, counsel impliedly consented to the jury's consideration of the arson of property offense. (*People v. Toro* (1989) 47 Cal.3d 966, 978.) Accordingly, it *was* "prosecuted in a single proceeding" along with the other crimes. (*Kellett*, at p. 827.)

We agree with Justice Richli's argument: "Here, however, the prosecution did effectively charge defendant with arson of property, because the jury was instructed on this offense, and because defense counsel did not object. As the Supreme Court stated in *People v. Toro* (1989) 47 Cal.3d 966, disapproved on another ground in *People v. Guiuan* (1998) 18 Cal.4th 558, 568, footnote 3: 'There is no difference in principle between adding a new offense at trial by amending the information and adding the same charge by verdict forms and jury instructions.' (*Toro*, at p. 976, fn. omitted.) The defendant forfeits any lack of notice by failing to object. (*Id*. at p. 978.) [¶] . . . [¶] . . . *Kellett* precludes a trial on an offense only when the prosecution has *failed to charge* that offense in a previous proceeding. Here, defendant *was charged* with arson of property. Moreover, because the jury never returned a verdict on the lesser [charge] (for whatever reason), this charge is still 'unresolved' and 'pending.' " (Citing maj. opn.)

As noted, defendant also argues that principles of double jeopardy bar retrial. The Court of Appeal did not resolve this question. Rather than decide the question ourselves, we think it best to remand the matter for the Court of Appeal to decide it in the first instance.

8

### III. CONCLUSION

We reverse the judgment of the Court of Appeal and remand the matter to that court for further proceedings consistent with this opinion.

**CHIN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

9

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Goolsby

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 222 Cal.App.4th 1323
**Rehearing Granted**

_____

**Opinion No.** S216648
**Date Filed:** October 15, 2015

_____

**Court:** Superior
**County:** San Bernardino
**Judge:** Bryan Foster

_____

**Counsel:**

Steven S. Lubliner, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Gerald A. Engler, Chief Assistant Attorneys General, Julie L. Garland, Assistant Attorney General, Steven T. Oetting, Deputy State Solicitor General, William M. Wood, Lilia E. Garcia, Barry Carlton and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Steven S. Lubliner
P.O. Box 750639
Petaluma, CA  94975-0639
(707) 789-0516

Felicity Senoski
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA  92101
(619) 645-2607