Filed 6/3/21  P. v. Superior Court (Frazier) CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | F082421 |
| v. | (Super. Ct. No. BF181655A/B) |
| THE SUPERIOR COURT OF KERN COUNTY, | **OPINION** |
| Respondent; | |
| BELTESHAZZAR FRAZIER et al., | |
| Real Parties in Interest. | |

### THE COURT*

ORIGINAL PROCEEDINGS; petition for writ of mandate.

Cynthia Zimmer, District Attorney, and Anthony Yim, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

-ooOoo-

---

\*      Before Poochigian, Acting P.J., Smith, J., and Meehan, J.

On February 24, 2021, petitioner filed a "Petition for Writ of Prohibition and/Mandate and Request for Stay," challenging the superior court's January 7, 2021 ruling denying the superseding motion to amend count 1 of the information and the February 9, 2021 order denying the motion for reconsideration. Petitioner contends there was sufficient evidentiary support of the first count for the second degree robbery charge presented at the preliminary hearing to support the amendment of the information to add the charge.

"An information may be amended 'for any defect or insufficiency, at any stage of the proceedings,' so long as the amended information does not 'charge an offense not shown by the evidence taken at the preliminary examination.' (§ 1009.)" (*People v. Goolsby* (2015) 62 Cal.4th 360, 367–368.) "Due process requires that a criminal defendant be advised of the charges against him so that he has a reasonable opportunity to prepare and present a defense and not be taken by surprise by evidence offered against him at trial. [Citations.] But a defendant's due process rights are not prejudiced by amendment of the information, and the trial court may permit amendment of the accusatory pleading 'at any stage of the proceeding, up to and including the close of trial,' so long as defendant's substantial rights are not prejudiced." (*People v. Fernandez* (2013) 216 Cal.App.4th 540, 554.)

Real party in interest Belteshazzar Frazier (RPI) has not shown prejudice. The robbery count was alleged against RPI in the initial complaint, and the superior court found sufficient evidence supported the count against RPI at the preliminary hearing. RPI was placed on notice since the inception of the criminal proceedings and has not otherwise provided evidence of prejudice by amendment of the information.

In light of the above, we direct issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an

2

alternative writ, further briefing, and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

## DISPOSITION

Let a peremptory writ issue directing the Kern County Superior Court to vacate its January 7, 2021 and February 9, 2021 orders and grant petitioner's motion to amend the information.

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The remittitur will issue immediately upon the finality of this opinion as to this court, should the parties so stipulate. (Cal. Rules of Court, rules 8.272(c)(1) & 8.490(d).)