Filed 10/17/25  P. v. Tatum CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SAMSON TATUM III,<br><br>　　　Defendant and Appellant. | A171066<br><br>(Contra Costa County<br>Super. Ct. No. 05001607720) |

Defendant Samson Tatum III appeals from a trial court order denying his petition for resentencing under Penal Code section 1172.6 (petition).[1] Relying on the jury instructions given at Tatum's trial even though it resulted in a mistrial, the court denied the petition at the prima facie stage. Tatum contends that the court erred because he pled no contest to "a generic theory of attempted murder that did not exclude liability upon a theory of natural and probable consequences," notwithstanding the instructions given at his trial.  The People concede that the court erred by relying on those instructions but contend that the court also erred by refusing to consider the transcript of Tatum's preliminary hearing under our high court's recent

---

[1] All further statutory references are to the Penal Code.

decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*). We agree with the People's concession and its unopposed contention. We therefore vacate the order and remand so the court may consider the preliminary hearing transcript in determining whether Tatum has made the required prima facie showing.

## BACKGROUND[2]

An information charged Tatum and two codefendants with three felonies: conspiracy to commit robbery (§§ 182, subd. (a)(1), 211; count 1), second degree robbery (§ 211; count 2), and attempted murder (§§ 664/187, subd. (a); count 3).[3] As to the robbery and attempted murder counts, the information alleged three personal firearm use enhancements against Tatum. (§ 12022.53, subds. (b), (c) & (d).) The information further alleged that Tatum had been convicted of two prior serious and/or violent felonies (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)) and one prior serious felony (§ 667, subd. (a)(1)) and that Tatum committed a felony within five years after serving a term of imprisonment (§ 667.5, subd. (b)).

Tatum's jury trial began on September 14, 2017. The jury, however, was unable to reach a verdict, and the trial court declared a mistrial.

On October 11, 2018, Tatum pled no contest to robbery (§ 211) and attempted murder (§§ 664/187, subd. (a)) and admitted that he discharged a firearm in the commission of the attempted murder (§ 12022.53, subd. (c)). The trial court dismissed the remaining charges against Tatum and sentenced him pursuant to the plea agreement to 30 years in state prison.

---

[2] Because the facts underlying Tatum's alleged crimes are not relevant to the issues raised in this appeal, we do not include them here.

[3] The information also alleged a count for felony possession of a firearm by a felon (§ 29800, subd. (a)(1); count 4) against one of Tatum's codefendants.

On July 24, 2023, Tatum filed a petition for resentencing—which the trial court "construed as a petition pursuant to" section 1172.6. In a written order filed on June 17, 2024, the court denied the petition without an evidentiary hearing. In doing so, the court declined to consider the preliminary hearing transcript, relying on *People v. Davenport* (2021) 71 Cal.App.5th 476, 482 (*Davenport*), rather than *People v. Patton* (2023) 89 Cal.App.5th 649. As a result, the court only considered "the Information, the Abstract of Judgment, the jury instructions, and court minute orders."

Based on those materials, the trial court found that Tatum satisfied the first two requirements for relief under section 1172.6, subdivision (a), because he was: (1) "charged in the information with attempted murder in a 'generic manner' that allowed the prosecution to proceed under a natural and probable consequences theory" (§ 1172.6, subd. (a)(1)); and (2) "convicted of attempted murder pursuant to a plea agreement" (§ 1172.6, subd. (a)(2)). And based on the jury instructions—"which did not include any aiding and abetting instructions or instructions on the natural and probable consequences doctrine"—the court concluded that Tatum "was not prosecuted on a theory of natural and probable consequences, but was instead convicted of attempted murder based on a specific intent to kill." As a result, the court found that Tatum could not satisfy the third requirement for relief under section 1172.6, subdivision (a), because he could not "make a showing that he could not now be convicted of attempted murder under the change in the law." The court therefore held that Tatum had not "made a prima facie showing of eligibility" for relief and denied the petition without "engag[ing] in factfinding."

Tatum timely appealed.

## DISCUSSION

Tatum contends that the trial court erred by relying on the jury instructions given at his trial—which did not result in any verdicts—to reject his petition at the prima facie stage. The People agree but contend that the court also erred by refusing to consider the transcript of Tatum's preliminary hearing. We agree with both parties.

"In 2018, the Legislature amended the law of homicide, eliminating several theories of liability based on imputed malice. It has also offered relief to those convicted [of] . . . attempted murder under the natural and probable consequences doctrine, whose convictions are now tainted." (*Patton*, *supra*, 17 Cal.5th at p. 556.) The Legislature codified that offer in section 1172.6—which provides "a path to resentencing" for a defendant convicted of attempted murder under that doctrine. (*Patton*, at p. 558.) That path "begins with a facially valid petition that entitles [the] petitioner to counsel, continues with asking whether [the] petitioner has made a prima facie case for relief, and, if so, proceeds to an evidentiary hearing on the ultimate question of whether [the] petitioner should be resentenced." (*Id.* at p. 562.) At each stage, the petitioner must show, among other things, that he " 'could not be presently convicted' of the charge, given the changes to homicide law effective in 2019." (*Id.* at p. 558; see § 1172.6, subd. (a)(3).)

At the prima facie stage, the relevant inquiry is " 'limited.' " (*Patton*, *supra*, 17 Cal.5th at p. 562.) It focuses on the "record of conviction" and requires "the [trial] court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) In doing so, " ' "the court takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were

4

proved. If so, the court must issue an order to show cause." ' " (*Ibid.*) The court may, however, "deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*).) For example, " 'if the record [of conviction] . . . "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner" ' " and denying the petition on that ground. (*Lewis*, at p. 971.) But "[i]n reviewing any part of the record of conviction at this preliminary juncture," the court may "not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) "The ultimate question at the prima facie stage is whether to proceed to an evidentiary hearing" (*Patton*, at p. 566), and "[w]e independently review a . . . court's determination on whether a petitioner has made a prima facie showing" (*Harden*, at p. 52).

For purposes of section 1172.6, the record of conviction includes any jury instructions that were given at the petitioner's trial. (See *Harden*, *supra*, 81 Cal.App.5th at pp. 54–56 [considering jury instructions in determining whether the petitioner met the requirements for relief under section 1172.6].) If "[t]he instructions and verdicts show," "[w]ithout weighing conflicting evidence or making credibility determinations," that the petitioner cannot meet any requirement for relief under section 1172.6, then the trial court may deny the petition at the prima facie stage. (*Harden*, at p. 56.)

As the People concede, the trial court's reliance on the jury instructions was misplaced because Tatum was never convicted based on those instructions. Instead, the jury deadlocked, resulting in a mistrial. At any subsequent retrial of Tatum, the prosecutor was therefore free to pursue a

5

conviction for attempted murder under a natural and probable consequences theory (*People v. Williams* (1997) 56 Cal.App.4th 927, 933 [after a mistrial, the defendant may face "new or different charges at the second trial"]), and the court was free to instruct the jury on that theory (*People v. Sons* (2008) 164 Cal.App.4th 90, 100 [after a mistrial, a "subsequent trial court is not bound by a prior trial court's rulings on jury instructions"]).  Thus, the instructions given at Tatum's jury trial did not determine, much less limit, the theory of attempted murder to which Tatum pled after the mistrial.  Instead, based on the part of the record of conviction considered by the court, the theory underlying Tatum's attempted murder conviction is only limited by the allegations in the information.

As the trial court correctly found, the attempted murder count alleged in the information allowed the prosecutor to proceed under the natural and probable consequences doctrine.  And by pleading to that count, Tatum could have been convicted under that doctrine.  Thus, the jury instructions cannot, as a matter of law, preclude Tatum from showing that he could not presently be convicted of attempted murder after the 2019 amendments to the homicide laws.  Accordingly, the court erred by denying Tatum's petition at the prima facie stage based on those instructions.

On remand, however, the trial court may revisit whether Tatum has made a prima facie showing for relief in light of the transcript of his preliminary hearing.  The trial court declined to consider that transcript based on *Davenport*, *supra*, 71 Cal.App.5th 476.  But the California Supreme Court recently disapproved *Davenport* "to the extent [it] conditioned the use of preliminary hearing transcripts on whether a petitioner previously admitted the truth of testimony contained therein or stipulated to the transcript as the factual basis of a plea." (*Patton*, *supra*, 17 Cal.5th at p. 569,

6

fn. 12.) In doing so, our high court recognized that a preliminary hearing transcript is part of the "record of conviction" and may play an "issue-framing role . . . at the prima facie stage of the resentencing process." (*Id.* at pp. 568–569.) Tatum does not argue otherwise. Thus, the trial court may, consistent with *Patton*, consider the preliminary hearing transcript on remand.

## DISPOSITION

The trial court's June 17, 2024 order denying Tatum's petition is vacated. On remand, the court may consider whether Tatum has made a prima facie showing for relief in light of the preliminary hearing transcript.

CHOU, J.

WE CONCUR:

JACKSON, P. J.
BURNS, J.

A171066/ *People v. Tatum III*