Filed 5/13/26  P. v. Knighten CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAVON KNIGHTEN,<br><br>        Defendant and Appellant. | A169787<br><br>(City & County of San Francisco Super. Ct. Nos. SCN234645, CRI21010665) |

Javon Knighten was convicted of three felonies after a jury trial, including carrying a concealed dirk or dagger.  Knighten argues his due process rights were violated because the trial court granted the prosecution's motion to amend the information to add the count of carrying a concealed dirk or dagger after the close of evidence.  Knighten also argues the trial court erred in imposing the upper term during sentencing.  We affirm.

## BACKGROUND

On October 26, 2021, Knighten pushed an elderly woman named Cheng to the ground on Mission Street.[1]  Cheyenne saw the attack and mistakenly believed that Knighten had taken the woman's purse.  Cheyenne chased after Knighten on her skateboard and tried to stop him.  Once Cheyenne caught up to Knighten and confronted him, Knighten punched her and she fell to the

---

[1]  To preserve confidentiality, we use first names to identify both victims, intending thereby no disrespect.

ground. Cheyenne got up and continued to chase Knighten, and when she once again caught up to him, he started punching her again. Cheyenne fell to the ground, and Knighten kicked her all over her body. Knighten then started walking away, but when Cheyenne screamed something at him, and he turned back around with a knife in his hand and stabbed Cheyenne three to four times.

On November 17, 2021, the district attorney filed an information charging Knighten with attempted murder (Pen. Code, § 664/187, subd. (a);[2] count 1), assault with a deadly weapon, non-firearm (§ 245, subd. (a)(1); count 2), two counts of assault with force likely to cause great bodily injury, one for each victim, (§ 245, subd. (a)(4); counts 3 and 4), and misdemeanor obstructing or resisting a police officer (§ 148, subd. (a)(1); count 5).[3] The information also alleged personal infliction of great bodily injury (§ 12022.7, subd. (a)) as to the counts involving Cheyenne (counts 1, 2, and 3), and use of a deadly weapon (§ 12022, subd. (b)(1)) as to count 1.

On July 14, 2023, the prosecution filed a first amended information which included six aggravating factors. A jury trial was held over several days in July and August 2023.

On August 3, 2023, after the close of evidence, the prosecution moved to amend the information to add a count of carrying a concealed dirk or dagger (§ 21310; count 6).[4] The trial court found that Knighten was not prejudiced by the additional count, stating that "it's not contested that he had this object

---

[2] All further statutory references are to the Penal Code.

[3] The appellate briefs do not discuss the factual basis for count 5, on which the appeal does not turn.

[4] The prosecution also moved to add a charge of elder abuse but subsequently withdrew that request.

2

on him" and, after looking at the jury instructions for carrying a dirk or dagger, "[t]here is sufficient evidence of that from the video combined with the picture . . . used at the preliminary hearing." The court allowed the amendment.

On August 16, 2023, the jury found Knighten guilty on counts 2, 4, 5, and 6. Knighten was found not guilty on counts 1 and 3, and the lesser included offense of count 3, simple assault. The jury was unable to reach a verdict as to the lesser included offense for count 1, attempted voluntary manslaughter, and the trial court declared a mistrial.

The trial court had granted Knighten's request for a bifurcated trial on the aggravating factors, and Knighten requested the jury determine four of them. The jury found one of the aggravating factors not true and the remaining three to be true. Of the two aggravating factors not submitted to the jury, the court held one to be true but did not make a ruling as to the other.

On January 18, 2024, the court sentenced Knighten to eight years in prison, consisting of the upper term of four years on count 2, plus three years for the great bodily injury enhancement on count 2; one year, consecutive, on count 4 (one third the middle term); and 16 months, concurrent, on count 6.

## DISCUSSION

### A. Amendment of the Information

As relevant here, section 1009 authorizes the trial court to "permit an amendment of an . . . information . . . for any defect or insufficiency, at any stage of the proceedings . . . . The defendant shall be required to plead to such amendment or amended pleading forthwith . . . unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be

granted." (§ 1009.) However, an information may not be amended "so as to charge an offense not shown by the evidence taken at the preliminary examination." (*Ibid.*)

The trial court has broad discretion to grant or deny leave to amend. (*People v. Birks* (1998) 19 Cal.4th 108, 129.) We review the court's decision to allow an amendment to the information for abuse of discretion. (*People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1581.)

Knighten argues that the late amendment of the information to include a charge of carrying a concealed dirk or dagger violated his Sixth and Fourteenth Amendment rights to fair notice and due process and was prejudicial because it prevented trial counsel from "preparing a defense with full knowledge of the charges." For example, defense counsel "might have made different choices in her cross-examination of the officers who recovered the weapons or of the prosecution witnesses who testified to the stabbing."

"The 'preeminent' due process principle is that one accused of a crime must be 'informed of the nature and cause of the accusation.' (U.S. Const., Amend. VI.) Due process of law requires that an accused be advised of the charges against him so that he has a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." (*People v. Jones* (1990) 51 Cal.3d 294, 317; *People v. Graff* (2009) 170 Cal.App.4th 345, 360 (*Graff*).)

California courts have interpreted section 1009 as being "subject to two limitations: (1) An information cannot be amended so as to charge an offense not shown by the evidence taken at the preliminary examination; and (2) if the substantial rights of the defendant would otherwise be prejudiced, a reasonable postponement of any pending proceeding may be granted." (*People v. Flowers* (1971) 14 Cal.App.3d 1017, 1020 (*Flowers*); see *People v.*

4

*Goolsby* (2015) 62 Cal.4th 360, 367–368 (*Goolsby*).) But "a defendant's due process rights are not prejudiced by amendment of the information, and the trial court may permit amendment of the accusatory pleading 'at any stage of the proceeding, up to and including the close of trial,' so long as defendant's substantial rights are not prejudiced." (*People v. Fernandez* (2013) 216 Cal.App.4th 540, 554 (*Fernandez*), quoting *Graff, supra,* 170 Cal.App.4th at p. 361; see also *Flowers, supra,* 14 Cal.App.3d at pp. 1020–1021 [section 1009 preserves a defendant's "substantial right to a trial on a charge of which he had due notice"].)

Indeed, it is well established that section 1009 "does not violate a defendant's constitutional rights." (*People v. Tallman* (1945) 27 Cal.2d 209, 213; *Flowers, supra,* 14 Cal.App.3d at p. 1020; *People v. Villagren* (1980) 106 Cal.App.3d 720, 724.) "Under modern pleading procedures, notice of the particular circumstances of an alleged crime is provided by the evidence presented to the committing magistrate at the preliminary examination, not by a factually detailed information." (*People v. Jennings* (1991) 53 Cal.3d 334, 358.) Thus, appellate courts have affirmed convictions obtained after a charging document is amended to conform to proof at the close of the prosecution's case (*People v. Wimberly* (1992) 5 Cal.App.4th 773, 794–795), and even during closing argument (*People v. Witt* (1975) 53 Cal.App.3d 154, 165; see also *Goolsby, supra,* 62 Cal.4th at p. 368 [where "there is no prejudice, an amendment may be granted 'up to and including the close of trial' "]).

Notably, Knighten does not suggest that the evidence adduced at the preliminary hearing did not support the charge of carrying a concealed dirk or dagger. Instead, Knighten argues that the timing of the amendment was prejudicial because it violated his due process rights and prevented trial

counsel from "preparing a defense with full knowledge of the charges." Knighten suggests that, had defense counsel been aware of the additional charge, she "might have made different choices in her cross-examination of the officers who recovered the weapons or of the prosecution witnesses who testified to the stabbing." We are not persuaded.

Knighten fails to show that the trial court abused its discretion in allowing amendment of the information. Knighten was on notice that the nature and cause of the accusations against him involved the use of a knife as alleged in count 2, assault with a deadly weapon. Whether Knighten had a knife, and the type of knife, was therefore already at issue, and his counsel had the full opportunity to explore this during the trial. Therefore, the late addition of count 6 did not prevent Knighten from preparing and presenting a defense to the underlying fact that he had knife at the time of the incident. We are not convinced that being aware of the additional count of carrying a concealed dirk or dagger would have materially altered defense counsel's strategy such that Knighten's due process right was violated under these circumstances. And we note that trial counsel did not request an opportunity to recall any witness to present additional evidence in response to the proposed amendment.

Knighten also argues that he was prejudiced because he was subject to additional "exposure" for an additional felony count. This argument, however, misses the point. Amending the information to allege another count does not prejudice a defendant's due process rights if the additional count is supported by evidence presented at the preliminary hearing. (*Fernandez*, *supra*, 216 Cal.App.4th at p. 554; *Flowers*, *supra*, 14 Cal.App.3d at pp. 1020–1021.) To hold that such additional exposure constituted sufficient prejudice to deny amendment of the information would be contrary to the case law and

would defeat the purpose of allowing amendment of the information under section 1009.

### B. Upper Term Sentence

Next, Knighten argues the trial court abused its discretion in imposing an upper term on count two because it should have considered, in weighing the mitigating and aggravating factors, that the jury found one of the aggravating factors not true. The People argue that Knighten's claim fails on the merits and is forfeited because Knighten did not raise it during sentencing. We agree.

Sentencing decisions are reviewed for abuse of discretion, and such abuse is found where the court "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) However, "[w]e presume that the trial court acted to achieve legitimate sentencing objectives. [Citation.] The burden is on the party challenging the sentencing decision to show that the court abused its discretion. [Citation.] We may not presume error from a silent record. [Citation.] 'Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules.' " (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) Knighten appears to challenge the trial court's failure expressly to address a fact that was not discussed at sentencing, essentially asking us to find error from a silent record.

Relatedly, Knighten's trial counsel failed to object during sentencing that the trial court was not considering the jury's not true finding on an aggravating factor. As a general rule, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v.*

7

*Scott* (1994) 9 Cal.4th 331, 356.)  Because Knighten makes no argument that his sentence is unauthorized, and therefore falls within a narrow exception to the forfeiture rule, we also find that Knighten's argument is forfeited because it was not raised before the trial court.

## DISPOSITION

The judgment is affirmed.


TUCHER, P. J.


WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.


*People v. Knighten* (A169787)